**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

MARSHA J. BENNETT                                                                              CASE NO. 14-20342

DEBTOR

SCOTT SAGER
AMY SAGER                                                                                                  PLAINTIFFS

VS.                                                                                              ADVERSARY CASE NO. 14-2008

MARSHA J. BENNETT                                                                                       DEFENDANT

**MEMORANDUM OPINION**

This adversary proceeding is a nondischargeability action for Debtor's willful and malicious damage to an apartment she rented from Plaintiffs. After a trial, the Court found the Defendant Debtor liable to Plaintiffs in the amount of $9,055.00 for damage done to premises leased from the Plaintiffs and found that liability nondischargeable under 11 U.S.C. § 523(a)(6). On a counterclaim by the Debtor brought under 11 U.S.C. §§ 522(h) and 547(b), the Court also avoided a preferential transfer to Plaintiffs, in the amount of $2,889.86, of garnished wages for Debtor's unpaid rent under the lease. The Court reserved entering judgment, however, pending decisions on whether Plaintiffs were entitled to attorney's fees and whether Plaintiffs were entitled to set-off their nondischargeability judgment against Debtor's preference judgment. Plaintiffs were ordered to brief these outstanding issues, with leave for Debtor to file a brief in response. Both Plaintiffs and Debtor have filed briefs. The following constitutes the Court's findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052.

A. <u>Attorney's Fees</u>

The first issue on which the Court reserved was the Plaintiffs' legal entitlement to its claimed attorney's fees, $4,904.34, which fees represent services rendered in this adversary proceeding and which were discounted by Plaintiffs' attorneys by over $10,000.00.

In support of their request, Plaintiffs argue that they are entitled to attorney's fees because of Debtor's "aggravated conduct" in willfully and maliciously damaging their property. In the alternative, Plaintiffs argue that because they could have obtained attorney's fees in a state-court action for breach of the rental agreement with the Debtor, under a provision of the agreement providing for the recovery of fees, such fees are a part of the nondischargeable debt owed by Debtor.

Debtor contends that Plaintiffs have no legal entitlement to fees. She argues that under the "American Rule," fee-shifting is prohibited absent statutory authorization and that § 523(d) countermands fee-shifting in favor of creditors in nondischargeability actions by only authorizing fee-shifting to debtors in the case of a frivolous § 523(a)(2) action. *See* 11 U.S.C. § 523(d). Debtor concedes that there is an aggravated-conduct exception to the American Rule but contends that that exception is limited to conduct within the proceeding (e.g., contempt) and does not encompass conduct that is the subject matter of the proceeding. Aside from contesting the legal basis for any award of fees to Plaintiffs, Debtor does not contest the reasonableness of the fees sought.

The Court accepts Plaintiffs' alternative argument that fees are compensable because they form part of Debtor's nondischargeable debt under state law. This nondischargeability proceeding is a proceeding to liquidate and enforce a debt arising under state law. Therefore, fees expended in liquidating a nondischargeable debt are a part of that debt and are awardable in

2

nondischargeability actions, if the state statute or an enforceable contract creating the debt authorizes the recovery of fees. *See Cohen v. De La Cruz*, 523 U.S. 213 (1998) (treating attorney's fees in a nondischargeability action as nondischargeable where the state statute creating the debt authorized fee-shifting); *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163, 1168 (6th Cir. 1985) (treating attorney's fees in a nondischargeability action as nondischargeable where the contract creating the debt authorized attorney's fees and was enforceable under state law).

Debtor's rental agreement authorized the recovery of attorney's fees in actions for breach of the agreement. In Kentucky, a clause of a rental agreement providing that a tenant agrees to pay a landlord's attorney's fees is unenforceable by statute. *See* KY. REV. STAT. § 383.570(1)(c). However, a landlord may recover "reasonable attorney's fees" for willful noncompliance with a rental agreement or with a tenant's statutory maintenance obligations. *See* KY. REV. STAT. § 383.660(3) (citing KY. REV. STAT. § 383.605). "Willful" is defined within Kentucky's Uniform Residential Landlord and Tenant Act as "with deliberate intention, not accidentally or inadvertently, and done according to a purpose." KY. REV. STAT. § 383.545(17).

In willfully and maliciously damaging Plaintiffs' property, Debtor breached her rental agreement, which provided that she would return the premises to Plaintiffs in the same condition existing when she took occupancy, absent normal wear and tear. Debtor also breached her statutory maintenance obligations, which required her to keep the house she rented "as clean and safe as the condition of the premises permit," to "dispose . . . all . . . waste in a clean and safe manner," and to "[n]ot deliberately . . . deface, damage [or] impair . . . any part of the premises." KY. REV. STAT. § 383.605.

Further, these breaches were willful within the meaning of the Kentucky statute authorizing attorney's fees for willful noncompliance.  This Court has already determined that Debtor's conduct was willful and malicious under § 523(a)(6), which requires that a debtor "desire[] to cause [the] consequences of his act," or believe that those consequences are substantially certain to result.  *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999).  Kentucky's definition of willful noncompliance, which requires "deliberate" acts, "done according to a purpose," does not require more.  Therefore, Plaintiffs are entitled to their reasonable attorney's fees in this proceeding under Kentucky Revised Statute § 383.660.  Debtor has not challenged the reasonableness of the fees Plaintiffs request, and the Court finds them reasonable.

As a result of the foregoing, it is unnecessary to address Plaintiffs' remaining arguments on this issue.

B.  Set-Off

The second issue on which the Court reserved was whether Plaintiffs were entitled to set-off their nondischargeability judgment against Debtor's preference judgment.  Plaintiffs argue that they may set-off the judgments, citing numerous cases allowing the set-off of mutual post-petition obligations.  Plaintiffs further argue that their claim against the Debtor, though it arose prepetition, was transformed into a post-petition obligation for purposes of set-off when this Court held Plaintiffs' claim was nondischargeable.

Debtor disputes Plaintiffs' entitlement to set-off on two grounds.  First, Debtor argues that set-off in bankruptcy is limited to mutual prepetition obligations; second, that preferences cannot be set-off against debts owed by the debtor to a recipient of the preference.

4

On the permissibility of setting off mutual postpetition obligations in bankruptcy, Plaintiffs are correct. Section 553, as Debtor observes, expressly preserves prepetition rights of set-off, while it is silent on postpetition set-off. *See* 11 U.S.C. § 553(a). Section 553's silence on the matter, however, does not impliedly preclude postpetition set-off, and "the general rule is that, subject to [the automatic stay], a postpetition claim may be offset against a postpetition debt so long as the claim and debt constitute valid, mutual obligations." 5 COLLIER ON BANKRUPTCY ¶ 553.03[6] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2014); *see also Gordon Sel-Way, Inc. v. United States (In re Gordon Sel-Way, Inc.)*, 270 F.3d 280 (6th Cir. 2001) (permitting the set-off of mutual postpetition obligations).

Courts have allowed the set-off of mutual postpetition obligations that arise from separate transactions and are both accrued postpetition. *See In re Seal*, 192 B.R. 442, 457 (Bankr. W.D. Mich. 1996). The preference and nondischargeability judgments are mutual, because they are between the same parties. *See Scherling v. Hellman Elec. Corp. (In re Westchester Structures, Inc.)*, 181 B.R. 730, 739 (Bankr. S.D.N.Y. 1995) (defining mutuality); *accord Farmers' Nat'l Bank v. Jones*, 28 S.W.2d 787, 789 (Ky. 1930). They arise from separate transactions–the preference judgment from Plaintiffs' garnishment of Debtor's wages for unpaid rent; the nondischargeability judgment from Debtor's damaging Plaintiffs' property before she vacated Plaintiffs' premises. Finally, both accrued postpetition. Plaintiffs' obligation to repay Debtor's garnished wages did not accrue until the preference judgment in this adversary proceeding. Debtor's obligation to Plaintiffs, while arising prepetition, is treated as a postpetition obligation for purposes of set-off because it survived the discharge. *See United States v. Gordon Sel-Way, Inc. (In re Gordon Sel-Way, Inc.)*, 239 B.R. 741, 751 (E.D. Mich. 1999), aff'd, 270 F.3d 280 (6th Cir. 2001) (holding that undischarged debts are postpetition obligations for purposes of set-off).

Debtor, however, relying on a 1913 Supreme Court case decided under the former Bankruptcy Act, argues that even if the set-off of postpetition obligations is permissible in bankruptcy, a creditor cannot set-off its liability for a preference against its claims against a debtor. *See Mechanics & Metals Nat'l Bank v. Ernst*, 231 U.S. 60 (1913) (Holmes, J.). The reasoning behind this rule is that allowing a creditor to set-off its liability for a preferential transfer would, in essence, "continue the preference . . . because the preferences would not become available for *pro rata* distribution to all creditors." *In re Chase & Sanborn Corp.*, 124 B.R. 371, 373 (Bankr. S.D. Fla. 1991) (citation omitted).

Debtor's argument is misplaced where, as here, the preference recovery inures solely to Debtor's benefit (not her estate's) as a result of 11 U.S.C. § 522(h). Allowing a set-off under these facts does not continue Plaintiffs' preference to the detriment of other creditors, because in the absence of the set-off, the preference would still not be recovered for creditors' benefit.

Finally, Debtor argues that, if Plaintiffs' request for set-off is granted, the set-off must include the portion of Debtor's garnished wages that was garnished outside the preference period. Debtor reasons that, as the source of any set-off the Court would grant is equitable, rather than statutory, equity requires the Court to augment its preference judgment with the amount of Debtor's garnished wages Debtor did not recover in her preference claim. Otherwise, Debtor claims, Plaintiffs would be unjustly enriched by this amount. Debtor does not explain why Plaintiffs' retention of non-preferentially garnished wages for unpaid rent would be unjust. The Court finds this contention to be without merit and will decline to grant Debtor's request.

A separate judgment in conformity herewith shall be entered.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Wednesday, January 07, 2015
(tnw)